# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Jonathan T. NAPUTI
### Fireman Electrician's Mate (E-3), U.S. Coast Guard

## CGCMG 0236

## Docket No. 1286

## July 29, 2009

General Court-Martial convened by Commander, Ninth Coast Guard District.  Tried at Cleveland, Ohio, on 26 April 2007.  Post-trial session on 18 December 2008.

| | |
|---|---|
| Military Judge: | CAPT Brian M. Judge, USCG |
| Trial Counsel: | LT Matthew W. Merriman, USCG |
| Defense Counsel: | LT Jeremy R. Brooks, JAGC, USN |
| | |
| Military Judge: (18 December 2008) | CAPT Gary E. Felicetti, USCG |
| Trial Counsel: (18 December 2008) | LCDR Brian K. Koshulsky, USCG |
| Assistant Trial Counsel: (18 December 2008) | LT Emily P. Reuter, USCG |
| Defense Counsel: (18 December 2008) | LCDR Necia L. Chambliss, USCGR |
| Assistant Defense Counsel: (18 December 2008) | LT Jeffery S. Howard, USCG |
| | |
| Appellate Defense Counsel: | LCDR Martha A. Rodriguez, USCGR |
| Appellate Government Counsel: | LT LaCresha A. Getter, USCG |
| | LCDR Marcus A. Mitchell, USCG |

## BEFORE
## McCLELLAND, TOUSLEY[1] & McTAGUE
### Appellate Military Judges

Per curiam:

Appellant was tried by general court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of violating 18 U.S.C. 2252A(a)(5)(B) by knowingly and wrongfully possessing child pornography, in violation of Article 134, Uniform Code of Military Justice (UCMJ); and

---

[1] Judge Tousley did not participate in this decision.

one specification of dereliction of duty, in violation of Article 92, UCMJ.  The military judge sentenced Appellant to confinement for three years, forfeiture of all pay and allowances, reduction to E-1, and a dishonorable discharge.  Pursuant to the terms of the pretrial agreement, the Convening Authority reduced the dishonorable discharge to a bad-conduct discharge and suspended all confinement in excess of eighteen months for a period of twelve months from the date Appellant is released from confinement.

On 16 December 2008, this Court set aside the Convening Authority's action and remanded the record for a new action.  *United States v. Naputi*, No. 1286 (C.G.Ct.Crim.App. Dec. 16, 2008).  An Article 39(a) session was held on 18 December 2008 at which an inquiry was conducted concerning the provisions of a post-trial agreement between Appellant and the Convening Authority.  Pursuant to the original pretrial agreement and as allowed by the post-trial agreement, the Convening Authority again reduced the dishonorable discharge to a bad-conduct discharge and suspended all confinement in excess of eighteen months for a period of twelve months from the date Appellant is released from confinement.

Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors.

We note that when findings were announced, there was no finding as to the Specification under the Additional Charge.  A guilty finding was announced as to the Additional Charge.  (R. at 79.)

Article 53, UCMJ requires announcement of findings; Rule for Courts-Martial 922, Manual for Courts-Martial, United States (2005 ed.) requires that the announcement take place in the presence of all parties.  It is understood that this is to be done in open court.  We do not lightly dismiss the failure to make the announcement.  This is unlike a case of a lack of findings as to a charge; the finding on a specification determines an accused's criminality.  *United States v. Logan*, 15 M.J. 1084, 1085 (A.F.C.M.R. 1983), pet. den. 17 M.J. 36 (C.M.A. 1983); *United States v. Massie*, 4 C.M.R. 828, 829 (A.F.B.R. 1952); *United States v. Hathaway*, 1 C.M.R. 776, 779 (A.F.B.R. 1951); *United States v. Dilday*, 47 C.M.R. 172, 174 (A.C.M.R. 1973).  Further,

"the statutory right of announcement of all findings in open court is a substantial right of the accused." *Dilday*, *id.*; *accord*, *United States v. Timmerman*, 28 M.J. 531, 536 (A.F.C.M.R. 1989), pet. den. 28 M.J. 356 (C.M.A. 1989). However, where the accused pleads guilty, the plea, once determined to be providently made, is equivalent to conviction. There is no prejudice to an accused from the failure to enter a finding to a specification to which the accused has pleaded guilty, especially where it is the sole specification under the charge. *United States v. Barnes*, 50 C.M.R. 625, 629 (N.C.M.R. 1975); *see United States v. Brumbaugh*, 26 C.M.R. 649 (A.B.R. 1958), *citing United States v. Lucas*, 1 USCMA 19, 1 C.M.R. 19 (1951). Appellant suffered no prejudice from the failure to announce a finding on the Specification under the Additional Charge. Nevertheless, we urge military judges to ensure that complete findings are announced in all cases.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.



For the Court,

Ryan M. Gray
Clerk of the Court