**UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS**
**Washington, D.C.**

**UNITED STATES**

**v.**

**David M. ALVAREZ**
**Lieutenant (O-3), U.S. Coast Guard**

**CGCMG 0273**

**Docket No.  1342**

**9 August 2011**

General Court-Martial convened by Commander, Coast Guard Force Readiness Command. Tried at Alameda, California, on 20 January 2010, 6 May 2010, 9-10 June 2010.

| | |
|---|---|
| Military Judge: | CAPT Gary E. Felicetti, USCG |
| Trial Counsel: | LCDR Christopher A. Tribolet, USCG |
| Assistant Trial Counsel: | LT Michael J. Meyer, USCGR |
| Civilian Defense Counsel: | Mr. Jeremiah J. Sullivan, III |
| Military Defense Counsel: | LT Rebecca M. Oldfield-Frey, JAGC, USN |
| Appellate Defense Counsel: | LT Lynn A. Buchanan, USCGR |
| Appellate Government Counsel: | LT Jonathan D. Shumate, USCGR |

**BEFORE**
**McCLELLAND, McGUIRE[1] & HAVRANEK**
Appellate Military Judges

Per curiam:

Appellant was tried by general court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of eight specifications of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice (UCMJ); two specifications of disrespect toward a superior commissioned officer, in violation of Article 89, UCMJ; one specification of failure to obey an order, in violation of Article 92, UCMJ; and two specifications of conduct unbecoming an officer, in violation of Article 133, UCMJ.  The military judge sentenced Appellant to confinement for one year.  The

---

[1] Judge McGuire did not participate in this decision.

Convening Authority approved the sentence and, in accordance with the pretrial agreement, suspended the confinement for twelve months.

Before this Court, Appellant moves to return the case to the Judge Advocate General, asserting that the Court is without jurisdiction. Alternatively, Appellant moves to withdraw the case from appellate review. We deny both motions and affirm.

## Jurisdiction

Appellant asserts that he has been separated from the service, and that the separation acts to remit the sentence and divest this Court of jurisdiction. He further asserts that the end of the period of suspension remits the suspended sentence, eliminating the Court's jurisdiction.

The Government agrees that Appellant's resignation has been accepted; we granted the Government's motion to attach Appellant's DD-214, Certificate of Release or Discharge from Active Duty. The Government further agrees that the discharge remits the suspended sentence, in accordance with Rule for Courts-Martial (R.C.M.) 1108(e), Manual for Courts-Martial (MCM), United States (2008 ed.). However, the Government points out that the remission does not affect the jurisdiction of this Court, and we agree. A discharge and the resulting remission of sentence have no effect on the Court's jurisdiction. *Steele v. Van Riper*, 50 M.J. 89, 91-92 (C.A.A.F. 1999) and cases cited therein. *See also United States v. Davis*, 63 M.J. 171, 177 (C.A.A.F. 2006) (discharge has no effect on completed court-martial proceedings and appeal (citing *Steele*, 50 M.J. at 91-92)).

The motion to return the case to the Judge Advocate General is denied.

## Withdrawal of appellate review

Appellate defense counsel asserts that she has had several telephonic discussions with Appellant, and he has indicated that he wishes to withdraw from the appellate process. However, he has not provided a signed document to that effect.

R.C.M. 1110(d)(4) requires that any withdrawal of appellate review must be signed by the accused.  In light of this rule, the argument that "Appellant has perfected his request to withdraw by specifically informing undersigned counsel of this desire" is rejected.

The motion to withdraw the case from appellate review is denied.

We proceed to treat this case as what it is: a case submitted without specific assignment of error.

## Announcement of findings

We note that when findings were announced, there was an incomplete announcement as to Charge II Specification 17.  Concerning Charge II, the military judge announced a finding of guilty of Specifications 5, 6, 7, 8, 14, 15, 16, 17, and the charge, and added, "With respect to Specification 17, excepting the words '23 October' and substituting '22 October'."  (R. at 411.) He did not say, "Of the excepted words, not guilty; of the substituted words, guilty," as prescribed in R.C.M. 918(a)(1).  We deem this omission insignificant in this guilty-plea case, where the plea included the additional words.  (R. at 341.)  *See United States v. Naputi*, 68 M.J. 538, 539 (C.G.Ct.Crim.App. 2009) ("[W]here the accused pleads guilty, the plea, once determined to be providently made, is equivalent to conviction.").

A greater degree of incompleteness occurred in the announcement of findings as to Charge IV and its specification, which was originally laid under Article 90, UCMJ.  The military judge stated, "With respect to Charge IV: Guilty to the lesser included offense of a violation of Article 92(2), excepting from the Specification the words 'in the proper uniform'."  (R. at 411.) That statement constitutes an announcement as to the charge, but not as to the specification, and, as with Charge II Specification 17, the reference to an exception in the specification does not make explicit the not-guilty finding as to the exception.  We see no prejudice from this failure to announce a finding as to the specification,[2] but we urge military judges and trial counsels to ensure that complete findings are announced in all cases.  *See Naputi*, 68 M.J. 538.

---

[2] The finding of guilty was pursuant to a plea of guilty.  (R. at 323.)

**Exceptions and substitutions in findings**

With respect to Charge IV, as noted above, Appellant pleaded guilty to a lesser included offense under a different article. Neither in his plea nor in the finding was there any specific identification of what part of the original specification he was not pleading guilty to.

The specification under Charge IV read:

> In that Lieutenant David M. Alvarez, U.S. Coast Guard, FORCECOM, on active duty, having received a lawful command from Lieutenant Commander Matthew Thompson, his superior commissioned officer, then known by the said Lieutenant David M. Alvarez to be his superior commissioned officer, to arrive at work on time, in the proper uniform and with a proper haircut, or words to that effect, did on board Coast Guard Island, Alameda, California, on or about 27 April 2009, willfully disobey the same.

Appellant pleaded guilty to Charge IV and its specification, but during the providence inquiry, he stated that as far as he was concerned, his uniform was "within standard." (R. at 286.) He admitted that he came to work late and had not gotten a haircut, but denied that his derelictions were willful. (R. at 296, 298.) The military judge rejected the plea. (R. at 296.)

Thereafter, Appellant amended his pleas to Charge IV and its specification:

> To the sole Specification under Charge IV, plead: Not Guilty, but Guilty to the lesser included offense of violation of Article 92, Section 2, excepting in the Specification the words "in proper uniform". To Charge IV: Not Guilty, but Guilty to the lesser included offense of Article 92.

(R. at 323.) The military judge evidently accepted this plea. (R. at 354.) Other than the uniform reference, there was no discussion concerning the difference between the original specification and what he was pleading guilty to. However, the Stipulation of Fact, Prosecution Ex. 1, was amended to delete the word "willfully", in addition to amendments concerning his uniform and other details. (Prosecution Ex. 1 at 10; R. at 350.)

As already noted, the military judge announced findings as to Charge IV and its specification in these terms: "Guilty to the lesser included offense of a violation of Article 92(2), excepting from the Specification the words 'in the proper uniform'." As with the plea, there was

no mention of the specific difference between the original specification and the lesser offense of which Appellant was being found guilty.

Concerning lesser included offenses, the Manual for Courts-Martial provides in pertinent part:

*Findings of guilty to a lesser included offense.* A court-martial may find an accused not guilty of the offense charge, but guilty of a lesser included offense by the process of exception and substitution. The court-martial may except (that is, delete) the words in the specification that pertain to the offense charged and, if necessary, substitute language appropriate to the lesser included offense.

MCM, Pt. IV, ¶ 3b(3).

Of note, the Discussion following R.C.M. 910(a)(1) provides the following suggestion: "When the plea is to a named lesser included offense without the use of exceptions and substitutions, the defense counsel should provide a written revised specification accurately reflecting the plea and request that the revised specification be included in the record as an appellate exhibit." This suggestion is rarely, if ever, followed, but it surely reflects the fact that the precise terms of the offense to which an accused is pleading guilty are important to the accused. Of equal if not greater importance is the determination of the precise terms of any offense of which an accused is found guilty. Although Pt. IV, ¶ 3b(3), quoted above, does not clearly mandate that findings of guilty to a lesser included offense include the express exceptions (and, if necessary, substitutions) that differentiate the final offense from the charged offense, ambiguity in the offense of which an accused has been found guilty is unacceptable. *United States v. Whiteside*, 59 M.J. 903, 909 (C.G.Ct.Crim.App. 2004).

There are common lesser included offenses for which there is no ambiguity. For example, wrongful appropriation as a lesser included offense of larceny, both under Article 121, UCMJ, requires no explanation: the difference lies in the intent to temporarily deprive or defraud the victim as opposed to the intent to permanently deprive or defraud.

However, violation of an order under Article 92, UCMJ, as a lesser included offense of willfully disobeying a superior commissioned officer under Article 90, UCMJ, offers many

possible differences between the original offense charged and the final offense found. The order might not have been given by a commissioned officer. The commissioned officer might not have been superior to the accused. The accused might not have known that the officer was his superior commissioned officer. The accused's disobedience might not have been willful.

In this case, it is clear from the record that the difference was that Appellant's disobedience was not admitted to be willful. This can be discerned from the providence inquiry (R. at 296, 298) as well as from the amendment to the Stipulation of Fact (Prosecution Ex. 1 at 10). In short, we conclude that the word "willfully" was implicitly excepted from the specification as part of the findings.

Clarity of findings in the record of trial is not the end of the story. "A promulgating order publishes the result of the court-martial and the convening authority's action and any later action taken on the case." R.C.M. 1114(a)(2). This is the official record that is most likely to be referred to by anyone having a need or an interest to learn the results of a trial. It should be accurate and unambiguous. *See United States v. Graf*, 35 M.J. 450, 467 (C.M.A. 1992).

In this case, the promulgating order, dated 28 September 2010, is provocatively ambiguous about the exceptions and substitutions included in the findings. It records that there were exceptions and substitutions in the findings of guilty of Charge II Specification 17 and Charge IV and its specification, but does not say what they are. As noted above, in Charge II Specification 17, the date 23 October 2009 was excepted and the date 22 October 2009 was substituted; in the specification of Charge IV, the words "in the proper uniform" and "willfully" were excepted. This information should be included in the promulgating order. See MCM App. 17 for an example of a form showing an exception and substitution in a promulgating order.

We see no current prejudice from the incomplete information in the promulgating order and resulting ambiguities, but the promulgating order must be corrected. We urge military judges to use the forms provided in MCM App. 10 when stating findings and to ensure that the findings are unambiguous. We further urge staff judge advocates, when advising convening

authorities, to ensure that promulgating orders are complete and accurate, using the forms provided in MCM App. 17.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed. The record of trial shall be returned to the Convening Authority, who shall issue a new promulgating order correctly describing the findings for the offenses of which Appellant was convicted.



For the Court,

L.I. McClelland
Chief Judge