# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist ANTHONY J. MARINO**
**United States Army, Appellant**

ARMY 20120107

Headquarters, V Corps
Wendy Daknis and Christopher T. Fredrikson, Military Judges
Colonel Mark D. Maxwell, Staff Judge Advocate

For Appellant:  Captain Susrut A. Carpenter, JA (argued); Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA (on brief).

For Appellee:  Captain Jessica J. Morales, JA (argued); Lieutenant Colonel Amber J. Roach, JA; Major Catherine L. Brantley, JA (on brief).

30 May 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curium:

A military judge, sitting as a general court-martial, convicted appellant pursuant to his pleas, of two specifications of possession of child pornography in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for eighteen months, forfeiture of all pay and allowances, and reduction to the grade of E-1.  Pursuant to a pretrial agreement, the convening authority approved fourteen months of confinement and the remainder of the sentence as adjudged.

This case is before the court for review under Article 66, UCMJ.  We have considered the record of trial and written briefs of the parties in which appellant raises one assignment of error, and enjoyed the benefit of oral argument on this

issue. We have also considered the matter personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and find it to be without merit.

In his assignment of error, appellant asserts that his conviction for possessing child pornography in Germany should be dismissed because the government charged his conduct as a violation of Clause 2, Article 134, UCMJ, (conduct of a nature to bring discredit upon the armed forces). Appellant argues that charging in this manner was preempted by Article 92, UCMJ, (failure to obey an order of regulation) since, at the time of appellant's offense, U.S. Army Europe Regulation 600-1, Regulated Activities in Europe, para. 36 (20 May 2009), prohibited the possession of child pornography in Europe. In sum, appellant contends that since child pornography is prohibited by a general regulation, Article 92, UCMJ, preempts prosecution of that same conduct under Clause 1 or 2 of Article 134, UCMJ. We disagree.

Whether a punitive article of the UCMJ is preempted by another is a question of law this court reviews de novo. *United States v. Kowalski*, 69 M.J. 705, 706 (C.G. Ct. Crim. App. 2010). The preemption doctrine prohibits application of Article 134, UCMJ, to conduct covered by Articles 80 through 132, UCMJ. *Manual for Courts-Martial, United States* (2008 ed.) pt. IV, ¶ 60.c.(5)(a) (2008 ed.). In order for preemption to apply, "it must be shown that Congress intended the other punitive article to cover a class of offenses in a complete way." *United States v. Kick*, 7 M.J. 82, 85 (C.M.A. 1979) (citation omitted). Whether Congress intended to cover a class of offenses in a complete way hinges upon two questions that must be answered in the affirmative:

> The primary question is whether Congress intended to limit prosecution for wrongful conduct within a particular area or field to offenses defined in specific articles of the Code; the secondary question is whether the offense charged is composed of a residuum of elements of a specific offense and asserted to be a violation of either Articles 133 or 134, which, because of their sweep, are commonly described as the general articles.

*United States v. McGuiness*, 35 M.J. 149, 151–52 (C.M.A. 1992).

We find no evidence that Congress intended to limit prosecution for possession of child pornography to Article 92, UCMJ. Furthermore, the proscription for possessing child pornography under Clause 2 of Article 134, UCMJ, is highly distinguishable from disobeying a general order or regulation that proscribes possession of that same material. These two offenses are directed at distinct conduct. *See United States v. Anderson*, 68 M.J. 378, 387 (C.A.A.F. 2010). Here,

the Clause 2, Article 134, UCMJ, charge is solely directed at the possession of child pornography, whereas the gravamen of an Article 92, UCMJ, offense is the disobedience itself. Further, in no way is the Clause 2, Article 134, UCMJ, offense, as charged here, composed of a residuum of elements of an Article 92, UCMJ offense.

## CONCLUSION

On consideration of the entire record, the assignment of error raised, and the issues personally specified by appellant pursuant to *Grostefon*, we hold the findings and sentence as approved by the convening authority are correct in law and fact. Moreover, the sentence as approved by the convening authority is appropriate. Therefore, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court