## UNITED STATES

v.

**Senior Airman Robert W. LOGAN, FR 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 United States Air Force.**

### ACM 23779.

U.S. Air Force Court of Military Review.

Sentence Adjudged 30 Nov. 1982.

Decided 26 May 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens, and Captain Kathleen G. O'Reilly.

Appellate Counsel for the United States Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before HEMINGWAY, CANELLOS and RAICHLE, Appellate Military Judges.

### DECISION

PER CURIAM:

In accordance with his pleas, the accused was convicted of conspiracy to commit larceny, larceny, and use of amphetamines and marijuana. The approved sentence extends to a bad conduct discharge, confinement at hard labor for two years, forfeiture of $300.00 per month for two years and reduction to airman basic.

On appeal, the accused contends that the military judge erred by convicting him of Charge IV when, in fact, he had not pled guilty to the charge. The accused pled guilty to one specification of Charge IV and not guilty to two specifications of that charge, but entered no plea as to "the Charge." The military judge found the accused guilty of the specification to which his guilty plea applied and guilty of the Charge. The court, consisting of members, found the accused not guilty of the contested specifications.

■ We find that the failure of the accused to enter a plea to the Charge amounted to an irregular pleading; however this procedural irregularity was harmless.

■ It is well settled that failure to enter a plea to the charge does not affect the pleas of guilty to the specifications thereunder. Even a plea of not guilty to the charge will not vitiate a plea of guilty to a specification thereof. *United States v. Guthrie*, 4 (A.F.) C.M.R. 62 (1950). In an analagous situation, it is also well settled that the failure to make findings as to a charge is immaterial because an accused's criminality is determined by the findings as to the specifications, not the charge. *United States v. Hathaway*, 1 C.M.R. 776 (A.F. B.R.1951); *United States v. Dilday*, 47 C.M.R. 172 (A.C.M.R.1973); *United States v. Caudill*, 43 C.M.R. 924 (A.F.C.M.R.1970); *United States v. Giermek*, 3 M.J. 1013 (C.G. C.M.R.1977). Also, failure to designate an article of the Code in the charge, or designating the wrong article, is immaterial. *United States v. Newton*, 39 C.M.R. 756 (A.C.M.R.1968); *United States v. Dilday, supra.*

We have examined the record of trial and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.