# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Christopher M. MORROW
### Operations Specialist Second Class (E-5), U.S. Coast Guard

## CGCMG 0244

## Docket No.  1300

## April 8, 2009

General Court-Martial convened by Commander, Maintenance and Logistics Command Atlantic. Tried at Arlington, Virginia, on 1 November 2007.

| | |
|---|---|
| Military Judge: | CAPT Brian M. Judge, USCG |
| Trial Counsel: | LT Ronald B. Seely, USCGR |
| Assistant Trial Counsel: | LT Jeffery S. Howard, USCG |
| Defense Counsel: | LT Lineka N. Quijano, USCGR |
| Appellate Defense Counsel: | LCDR Necia L. Chambliss, USCGR |
| Appellate Government Counsel: | LT Paul R. Casey, USCG |
| | LT Alfred J. Thompson, USCGR |

## BEFORE
## McCLELLAND, LODGE & PEPPER
### Appellate Military Judges

Per Curiam:

Appellant was tried by general court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of failure to obey a lawful general order, in violation of Article 92, Uniform Code of Military Justice (UCMJ); one specification of making false official statements, in violation of Article 107, UCMJ; one specification of larceny, in violation of Article 121, UCMJ; and one specification each of mail fraud and of unauthorized selling of transit benefit tickets, both in violation of Article 134, UCMJ.  The military judge sentenced Appellant to confinement for four months, forfeiture of all pay and allowances, reduction to E-3, and a bad-conduct discharge.  The

Convening Authority approved the sentence as adjudged, but suspended the bad-conduct discharge and confinement in excess of ninety days for six months.[1]

Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors. However, Appellant notes that the pretrial agreement incorrectly stated that automatic forfeitures in the amount of two-thirds pay per month could be imposed during any period of confinement under Article 58b, UCMJ, when Appellant was in fact at risk for automatic forfeitures of all pay and allowances because this was a general court-martial.

We note that the military judge, when discussing the pretrial agreement with Appellant, pointed out the mistake in the pretrial agreement and told Appellant that automatic forfeitures would apply to all pay and allowances. (R. at 72.) The mistake in the pretrial agreement did not prejudice Appellant.

One other issue deserves mention. When pleas were entered, no pleas were entered to Charge I and Charge IV, although pleas were entered to the specifications under those charges. (R. at 15-16.) Like the Air Force court in *United States v. Logan*, 15 M.J. 1084, 1085 (AFCMR 1983), we find that this procedural irregularity was harmless. *See United States v. Giermek*, 3 M.J. 1013, 1014 (CGCMR 1977) (holding failure to enter a finding as to a charge harmless error in view of the entry of a finding as to the specification under the charge); *United States v. Greene*, 64 M.J. 625, 628-29 (C.G.Ct.Crim.App. 2007) (holding no relief warranted for entry of a finding of guilty of a specification after a plea of guilty to the charge but no plea to the specification, where the providence inquiry provided ample evidence to prove the specification). Nevertheless, we urge military judges and counsel to ensure that complete pleas are entered in all cases.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the

---

[1] Suspension of the bad-conduct discharge was required by the pretrial agreement.

entire record, should be approved.  Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.



For the Court,

Ryan M. Gray
Clerk of the Court