# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

## Airman Basic ETHAN L. TELFORD
## United States Air Force

## ACM 38691

## 8 February 2016

Sentence adjudged 13 March 2014 by GCM convened at Minot Air Force Base, North Dakota. Military Judge: L. Martin Powell.

Approved Sentence: Dishonorable discharge, confinement for 5 years, and forfeiture of all pay and allowances.

Appellate Counsel for the Appellant: Major Jeffrey A. Davis.

Appellate Counsel for the United States: Lieutenant Colonel Roberto Ramirez and Gerald R. Bruce, Esquire.

Before

ALLRED, TELLER, and ZIMMERMAN
Appellate Military Judges

OPINION OF THE COURT

<u>This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.</u>

TELLER, Senior Judge:

Appellant, pursuant to his pleas, was convicted by a military judge of absenting himself from his unit, willfully failing to obey the order of his superior commissioned officer, being derelict in his duties for willfully failing to refrain from consuming alcohol while underage, and wrongfully using and distributing marijuana in violation of Articles 86, 90, 92, 112a, UCMJ, 10 U.S.C. §§ 886, 890, 892, 912a. Contrary to his pleas, Appellant was found guilty by a panel of officer members of willfully failing to refrain from providing alcohol to an individual who was underage, and engaging in oral sex and sexual intercourse with a child who had attained the age of 12 years but had not attained

the age of 16 years in violation of Articles 92 and 120b, UCMJ, 10 U.S.C. §§ 892, 920b. The court sentenced him to a dishonorable discharge, confinement for five years, two months, and three days, and forfeiture of all pay and allowances. On 15 October 2014, the convening authority approved a sentence of a dishonorable discharge, confinement for only five years, and forfeiture of all pay and allowances.

The appellant argues that (1) the military judge erred by denying Appellant's motion to dismiss for violations of Appellant's right to a speedy trial under Article 10, UCMJ, 10 U.S.C. § 810; (2) the military judge erred in failing to suppress Appellant's statement to Air Force Office of Special Investigations (AFOSI) investigators; (3) the military judge erred by allowing testimony that the victim was intoxicated at the time of the assault; (4) relief is warranted for failure to take action on the court's findings within 120 days; (5) the evidence was legally and factually insufficient to support the conviction for sexual assault; and (6) his sentence was inappropriately severe.[1] We find some relief is warranted based on post-trial processing delay and approve the findings and reassess the sentence as described below.

*Background*

Appellant was a 19-year-old Airman who formed a friendship with several civilian high school students, which ultimately gave rise to the misconduct in this case. He began going to the house of one of the students where the group of friends tended to gather, often using marijuana and drinking. Appellant and one of the female students, a 15-year-old, eventually engaged in consensual sexual conduct together on three occasions, usually while under some level of intoxication.

Appellant pled guilty to absence without leave, violating a lawful order by leaving the base while restricted, dereliction of duty by failing to refrain from underage drinking, and wrongful use and distribution of marijuana, but pled not guilty to allegations of committing two distinct sexual acts on a child under the age of 16 and of dereliction of duty by providing alcohol to a minor.[2]

*Speedy Trial under Article 10, UCMJ*

Appellant first asserts that the military judge erred by denying his motion to dismiss the charges in this case for an alleged violation of his Article 10, UCMJ, speedy trial right. This is a matter of law we review de novo, bound by the military judge's findings of fact unless they are clearly erroneous. *United States v. Cossio*, 64 M.J. 254,

---

[1] The second, fifth, and sixth assignments of error are raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[2] After announcing his split pleas to the specifications alleging dereliction of duty, Appellant failed to enter a plea to the charge itself. We find that the failure to enter a plea to the charge amounted to an irregular pleading; however, this procedural irregularity was harmless. *See United States v. Logan*, 15 M.J. 1084, 1085 (A.F.C.M.R. 1983).

256 (C.A.A.F. 2007). We adopt the military judge's findings of fact which are supported by the record and not clearly erroneous. We summarize the relevant portions below.

The initial processing of the case from Appellant's entry into pretrial confinement to referral of charges took 75 days. Appellant was ordered into pretrial confinement on 3 July 2013. On 11 July 2013, Appellant demanded a speedy trial. Charges were preferred on 30 July 2013, and a hearing pursuant to Article 32, UCMJ, 10 U.S.C. § 832, was held on 13 August 2013. The Article 32, UCMJ, 10 U.S.C. § 832, investigating officer completed his report on 15 August 2013. Charges were referred to a general court-martial on 16 September 2013. On 19 September 2013, a docketing conference was held. The Government proffered 7 October 2013 as the earliest date it could proceed to trial, while the defense proffered that they could proceed no earlier than 4 November2013. The trial was scheduled for 4 November 2013.

The initial trial date was later rescheduled due to the unavailability of the victim's mental health records. Appellant's 17 July 2013 initial discovery request included a provision seeking

> [a]ny/all information or evidence which may be subject to a privilege identified in the 500 series of the Military Rules of Evidence which the government has discovered, obtained, possesses, exercises care, custody or control over, or which the government intends to attempt to admit at any phase of trial, or pretrial hearing.

On 17 October 2013, the Government responded that there was no evidence or information responsive to that request. The same day, Appellant's counsel submitted a more specific request, asking for "any mental health/victim advocate records" for the victim. On or about 31 October 2013, four to five days prior to trial, the Government notified Appellant and the military judge that mental health records existed for the victim, and that they were expected to be available on the first day of trial. The records were not available on the initial trial date, and the Government proffered that it would take up to an additional 72 hours to obtain them. The Government moved for a continuance and indicated they would not oppose a defense request for an expert consultant. The defense did not object to the request for a continuance. Appellant was arraigned on 4 November 2013, and the trial was rescheduled for 16 December 2013.

The trial did not proceed on 16 December 2013 because the victim entered inpatient substance abuse treatment on 29 November 2013 and was unavailable for trial. The clinical treatment supervisor at the facility opined that it would not have been in the victim's treatment interests to interrupt treatment for the purposes of testifying at trial and that she would be discharged as unsuccessfully completing the program if she were required to attend trial on the scheduled date. On 6 December 2013, the Government

moved for a continuance. The defense objected. On 13 December 2013, the military judge ruled that there was good cause for a continuance and, based upon the availability of the parties, rescheduled the trial for 10 March 2014. The same day, the defense moved to have Appellant released from pretrial confinement pending trial. On 20 December 2013, the military judge granted the motion. On 23 December 2013, Appellant engaged in further misconduct and was ordered back into pretrial confinement.

Article 10, UCMJ, does not demand "constant motion, but reasonable diligence in bringing the charges to trial." *Cossio*, 64 M.J. at 256 (quoting *United States v. Mizgala*, 61 M.J. 122, 127 (C.A.A.F. 2005)) (internal quotation marks omitted). What is necessary is that the Government move toward trial with "reasonable diligence." *United States v. Birge*, 52 M.J. 209, 211 (C.A.A.F. 1999). "Brief inactivity is not fatal to an otherwise active, diligent prosecution." *Cossio*, 64 M.J. at 256.

Although Article 10, UCMJ, creates a more stringent speedy trial standard than the Sixth Amendment,[3] we use the procedural framework from *Barker v. Wingo*, 407 U.S. 514 (1972), to examine the facts and circumstances surrounding an alleged Article 10, UCMJ, violation. *United States v. Thompson*, 68 M.J. 308, 312 (C.A.A.F. 2010). With due consideration for the more stringent requirements of Article 10, UCMJ, we must, at a minimum, balance the impact of four factors: (1) the length of delay in bringing the appellant to trial, (2) the reason(s) for the delay, (3) whether the appellant asserted his right to a speedy trial prior to trial, and (4) the extent of any prejudice to the appellant. *Barker*, 407 U.S. at 530; *Birge*, 52 M.J. at 212. We do not apply these factors in a vacuum but must also look at the entire proceeding as a whole, for the essential requirement of Article 10, UCMJ, is orderly expedition of the case, not merely speed. *Mizgala*, 61 M.J. at 129. Having applied these factors, and further considering the entire record, we find no violation of Article 10, UCMJ.

We find no unreasonable delay in the Government's processing of the case from Appellant's entry into confinement through arraignment. Although Appellant complains that the Government was dilatory in preferring charges and in referring charges after the Article 32, UCMJ, report was completed, we find the processing times reasonable in light of the number of charges under consideration. We note that consideration of the charges between the Article 32, UCMJ, hearing and referral inured in some degree to the benefit of Appellant as a charge and specification of larceny was dismissed as a result. Any delay between 7 October 2013 and Appellant's ultimate arraignment on 4 November 2013 was solely attributable to the defense's availability for trial.

Because arraignment does not end the Article 10, UCMJ, speedy trial analysis, *United States v. Cooper*, 58 M.J. 54 (C.A.A.F. 2003), we next consider the period between arraignment and trial on the merits.

---

[3] U.S. CONST. amend. VI.

The delay in obtaining and producing the victim's mental health records caused the first period of post-arraignment delay. Even if the 166 days between Appellant's entry into confinement and the 16 December 2013 scheduled trial date was presumptively unreasonable, we find the other *Barker* factors show this delay was reasonable. Although Appellant argues that the Government failed to secure "basic and required discovery," we find that argument unconvincing. Appellant does not contend that the mental health records were discovered or otherwise under the control of the Government prior to Appellant's specific request for such records on 17 October 2013, which was submitted less than three weeks prior to trial. Accordingly, Appellant's characterization of the search for mental health records outside of the control of the Government as either basic or required discovery runs counter to the language of their own discovery request. Although the Government's plan for securing the records in time for trial ultimately proved unsuccessful, Appellant does not argue that its efforts were in bad faith. Although Appellant had made a previous demand for speedy trial, he did not object to the 4 November 2013 Government request for a continuance. Moreover, Appellant has not asserted any specific prejudice from this delay, and the appointment of a mental health expert to review the records prior to trial would normally be considered of benefit to him. After balancing these factors against the length of the delay, we find the delay from arraignment to 16 December 2013 was reasonable.

The more substantial post-arraignment delay was caused by the victim's unavailability for trial on 16 December 2013. By the time the trial eventually commenced on 10 March 2013, 250 days had elapsed since Appellant was initially ordered into pretrial confinement. We find such delay sufficient to trigger the full analysis of the *Barker* factors. The Government argued that the delay was necessary to secure the presence of the victim. Securing the testimony of a necessary witness normally constitutes a valid justification for delay. *See Barker*, 407 U.S. at 531. In this case, the military judge had specific testimony from a treatment provider addressing the availability of the victim during treatment. The military judge's findings of fact reflect a careful weighing of the therapeutic impact on the victim of interrupting her treatment against Appellant's Article 10, UCMJ, right to speedy trial. There was also no evidence that the Government in any way procured the victim's unavailability or could have anticipated her entry into treatment. Based on those findings of fact, we conclude that the second factor weighs strongly in favor of the Government. Appellant asserted his right to a speedy trial both through his initial speedy trial demand as well as objecting to this specific delay. The third factor weighs in Appellant's favor.

The final factor is prejudice. The Supreme Court has identified three interests specifically implicated by pretrial delay: preventing oppressive pretrial incarceration, minimizing anxiety and concern of the accused, and limiting the possibility that the defense will be impaired. *See id.* at 532. Although Appellant did not articulate any specific prejudice on appeal, by reference to the motion at trial he asserts that his

incarceration was oppressive and that in conjunction with pay errors, the incarceration caused him extreme anxiety and hardship. The military judge granted sentence credit on the basis of the pay errors, and that decision was not challenged on appeal. Apart from the pay errors, Appellant does not raise any particularized anxiety or concern, nor does he assert that his ability to present a defense was in any way harmed by the delay. This factor weighs marginally in favor of Appellant. After balancing the factors, we find that the rationale of securing a plainly necessary witness for trial outweighs the anxiety and hardship articulated by Appellant, and that the delay to secure the victim's attendance at trail was reasonable.

Finally, we consider whether the delays, while individually reasonable, were nonetheless cumulatively unreasonable. In this case, the delays were not the result of issues that could have been resolved concurrently rather than sequentially. We are also cognizant that, while the Government requested both post-arraignment continuances, the actual length of each continuance was based in large part on defense availability. Although in hindsight the delay was substantial, we conclude that at each stage, and in the prosecution overall, the Government proceeded with reasonable diligence in bringing the charges to trial.

Balancing all of the above factors, and mindful that the protections of Article 10, UCMJ, are more stringent than the Sixth Amendment protections at issue in *Barker*, we find no violation of Article 10, UCMJ. Considering the case as a whole, the Government exercised due diligence in bringing this case to trial. Accordingly, we reject this assignment of error.

*Voluntariness of Appellant's Statement to AFOSI*

Appellant next alleges, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), that the military judge erred by denying the defense motion to suppress his statement to agents of the Air Force Office of Special Investigations (AFOSI) on the grounds that it was involuntary.[4] The voluntariness of a confession is a question of law that we review de novo. *Arizona v. Fulminante*, 499 U.S. 279, 287 (1991); *United States v. Bresnahan*, 62 M.J. 137, 141 (C.A.A.F. 2005). The prosecution bears the burden of establishing by a preponderance of the evidence that the confession was voluntary. *United States v. Bubonics*, 45 M.J. 93, 95 (C.A.A.F. 1996).

We examine the totality of the surrounding circumstances to determine "whether [a] confession is the product of an essentially free and unconstrained choice by its maker." *Id.* In determining whether a statement resulted from an appellant's free choice,

---

[4] Appellant initially requested counsel, but within minutes retracted his request, asking if he could reverse his decision and request an attorney later if he needed one. Agents re-advised him of his rights verbally and with a written cleansing statement. Appellant then waived those rights in writing. That waiver was not challenged on appeal.

we consider both the characteristics of the accused and the details of the interrogation. *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973). Some of the factors to consider include the age, education, and intelligence of the accused; the lack of any advice to the accused of his constitutional rights; the length of detention; the repeated and prolonged nature of the questioning; and the use of physical punishment such as the deprivation of food or sleep. *Id.*

Appellant's claim focuses on "psychological tactics used by AFOSI to coerce [his] confession." Appellant asserts he was particularly susceptible to coercion. He argues he was vulnerable because he was held in solitary confinement at a civilian confinement facility for the four days prior to the interrogation. He also refers to a statement he made during the interrogation that in the past he had "[heard] voices in his head." Appellant suggests his vulnerable condition was evidenced by his crying and hitting himself in the face and head during the interview. He argues that in conjunction with his vulnerable state, AFOSI used coercive tactics by providing him with false information, admonishing him for being a liar, and then using "techniques of suggestion to get him to confess, at times getting him to confess to things that almost certainly were not even true." Although Appellant asserts that the military judge "largely adopted" the facts from Appellant's motion at trial, the military judge's findings of fact specifically declined to adopt Appellant's characterization that he hit himself in the face and head during the interview, instead finding that Appellant "patted himself lightly on the head and torso with his closed hand, clearly with no intent to harm himself." The recording of the interview clearly supports the military judge's characterization, rather than that proffered by Appellant. Appellant also submitted to a sanity board prior to trial, which found that although Appellant suffered from substance abuse and depression, he was not suffering from a mental disease or defect that rendered him unable to understand the nature of the proceedings against him or to cooperate intelligently in his defense.

To determine the voluntariness of Appellant's confession, we apply the two-factor test from *Schneckloth*, beginning with an assessment of the characteristics of the Appellant. At the time of the interrogation, Appellant was a 19-year-old high school graduate who had performed well in basic training and technical school. Although Appellant made references to hearing voices in the past during the initial stages of his interrogation, his suggestion of a mental disease or defect is undermined by the recording of the interrogation and the results of the sanity board. At all times during the interrogation Appellant seemed lucid and free of intrusive thoughts. He conversed freely with the AFOSI agents, at times even joking with them. Although Appellant can be seen during the interrogation crying and patting himself in frustration, those behaviors occurred after it became clear that he would face substantial consequences for his sexual acts with a child, and we do not find that his conduct was indicative of a vulnerable mental state beyond that experienced by any reasonable person in his circumstances. While the Appellant's comments regarding hearing voices in the past provide some

evidence of a vulnerable mental state, the totality of the circumstances suggest that Appellant was able to exercise free and unconstrained choice during the interview.

The circumstances of the interview, including the conduct of the AFOSI agents, also favor a finding of voluntariness. The interview was comparatively brief, lasting slightly less than four hours including a cigarette break and the time required for Appellant to complete a written statement. The Appellant was advised of his rights both verbally and in writing. There was no evidence of physical coercion such as lack of food or sleep. Although AFOSI agents were deceptive about the evidence they had from other sources, such tactics alone do not render a statement involuntary. *See United States v. Freeman*, 65 M.J. 451, 455 (C.A.A.F. 2008); *Ledbetter v. Edwards*, 35 F.3d 1062, 1069–70 (6th Cir. 1994).

After considering both the characteristics of Appellant and the circumstances of the interrogation, we find that Appellant's statement to AFOSI was voluntary, and the military judge did not err by admitting it.

*Evidence of Victim's Intoxication*

Appellant next asserts that the military judge erred by denying the defense motion in limine and admitting testimony that the victim was intoxicated at the time of the sexual acts alleged.

"A motion in limine is not always sufficient to preserve an issue for appellate review absent further objection." *United States v. Cardreon*, 52 M.J. 213, 216 (C.A.A.F. 1999). In *United States v. Dollente*, 45 M.J. 234 (C.A.A.F. 1996), the Court of Appeals for the Armed Forces adopted the three-part test articulated in *United States v. Mejia-Alarcon*, 995 F.2d 982, 986–87 (10th Cir. 1993), for determining when a motion in limine is sufficient to preserve an issue. "First we ask whether the matter was adequately presented to the district court. . . . Second we determine whether the issue is of the type that can be finally decided in a pretrial hearing. . . . [Finally] the district court's ruling must be definitive." *Dollente*, 45 M.J. at 240 (quoting *Mejia-Alarcon*, 995 F.2d at 986-87) (first and third alterations in original).

Appellant failed to preserve this issue by failing to object to the testimony he now asserts should have been excluded. The defense motion in limine focused on the admissibility of statements Appellant made during the recorded AFOSI interrogation. The military judge specifically reserved the issue of the admissibility of testimony by the victim, ruling "while the Court does not find the evidence pointed out in the videotape in violation of [Mil. R. Evid.] 403, the Court reserves ruling on that issue with respect to any other evidence that the Trial Counsel may seek to elicit from other witnesses to include [the victim]." The only evidence cited by Appellant in his assignment of error is testimony by the victim.

Since Appellant failed to preserve the issue, we review the admissibility of the victim's testimony for plain error. *Cardreon*, 52 M.J. at 216. Under plain error review, the appellant has the burden of showing there was error, that the error was plain or obvious, and that the error materially prejudiced a substantial right of the appellant. *United States v. Girouard*, 70 M.J. 5, 11 (C.A.A.F. 2011). Despite their motion in limine, trial defense counsel offered evidence of the victim's intoxication in their case in chief by playing Appellant's recorded interview with AFOSI. We can find no material prejudice to the admission of the victim's testimony of her intoxication when Appellant later admitted his own statement asserting essentially the same facts.

*Delay between Trial and Action*

Appellant asserts that this court should grant him meaningful relief in light of the 216 days that elapsed between completion of trial and the convening authority's action. Under *United States v. Moreno,* courts apply a presumption of unreasonable delay "where the action of the convening authority is not taken within 120 days of the completion of trial." *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). Appellant does not assert any prejudice, but argues that the court should nonetheless grant relief under *United States v. Tardif*, 57 M.J. 219, 223–24 (C.A.A.F. 2002).

This court set out a non-exhaustive list of factors we consider when evaluating the appropriateness of *Tardif* relief in *United States v. Bischoff*, 74 M.J. 664, 672 (A.F. Ct. Crim. App. 2015). *See also United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015) (articulating factors specifically tailored to answer the question of whether *Tardif* relief is appropriate). The factors include the length and reasons for the delay, the length and complexity of the record, the offenses involved, and the evidence of bad faith or gross negligence in the post-trial process. *Id.* Appellant has not asserted any additional factors that merit consideration in this case.

The totality of circumstances in this case suggests that some relief is indeed appropriate. The length of the delay exceeded the *Moreno* standard by 96 days, or 80 percent, weighing strongly in favor of Appellant. The record in this case is substantial, comprising 11 volumes with a transcript of 823 pages, weighing slightly in favor of the Government. As to the reasons for the delay, the Government cites the court reporter chronology and asserts that any delay was reasonable in light of the time required to transcribe the five-day trial and to reconstruct a missing appellate exhibit consisting of mental health records from numerous sources. A close review of the chronology, however, raises as many questions as it answers. There is no explanation for the delay from the conclusion of trial on 13 March 2014 to 28 March 2014 when the audio was uploaded for transcription by another court reporter. While the court reporter chronology lists other activities not related to Appellant's case during this time, there is no explanation how these other duties relate to Appellant's case, or why they might have prevented a more timely upload of the audio file for transcription by another reporter.

Nor is there any explanation why, after over two months had elapsed since the end of Appellant's trial and over a month after Appellant filed a request for speedy post-trial processing, the court reporter responsible for assembling Appellant's record of trial spent from 29 May 2014 to 4 June 2014 transcribing and assembling a record for a one-day trial conducted on 28 May 2014. While prioritizing subsequent cases is not per se unreasonable, the Government provided no explanation why it was reasonable in this case, especially after Appellant's request for speedy post-trial processing. The final factor, however, requires us to consider the offenses of which Appellant has been convicted in determining whether relief is appropriate. In light of the severity of those offenses, we decline to grant the day-for-day relief for each day in excess of 120 days that Appellant argues would be appropriate. Instead we grant relief only for the 20 days of delay mentioned above which appear presumptively unreasonable and for which the Government offered insufficient explanation.

*Factual Sufficiency*

Appellant next alleges, pursuant to *Grostefon*, 12 M.J. 431, that the evidence was factually and legally insufficient to disprove the defense of mistake of fact.

We review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). "The test for legal sufficiency of the evidence is 'whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt.'" *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002) (quoting *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987)). The test for factual sufficiency is whether, after weighing the evidence and making allowances for not having observed the witnesses, we ourselves are convinced of the appellant's guilt beyond a reasonable doubt. *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000) (quoting *Turner*, 25 M.J. at 325). Applying these standards to the record in this case, we find the evidence legally and factually sufficient to support the findings of guilt.

As alleged, the offenses in Charge V have two elements: (1) that at or near the time and place alleged, Appellant committed a sexual act on the victim, and (2) that at the time, the victim had attained the age of 12 years but had not attained the age of 16 years. There was no dispute during the trial or on appeal that the victim was, in fact, 15 years old at the time of the alleged sexual acts. Nor did Appellant contest at trial or on appeal the victim's testimony establishing the sexual acts alleged. The sufficiency of proof of the elements, therefore, is not in dispute. Applying the standard articulated above, we find the evidence of all the essential elements both legally and factually sufficient.

The Appellant alleges, however, that the Government "did not present sufficient evidence to overcome Appellant's mistake of fact as to [the victim's] age." With regard

to a mistake of fact as to the age of a child between the age of 12 and 16, Article 120b, UCMJ, provides:

> it is a defense in a prosecution under subsection (b) (sexual assault of a child) or subsection (c) (sexual abuse of a child), which the accused must prove by a preponderance of the evidence, that the accused reasonably believed that the child had attained the age of 16 years, if the child had in fact attained at least the age of 12 years.

*Manual for Courts-Martial, United States*, pt. IV, ¶ 45b.a.(d)(2) (2012 ed.). The evidence was uncontroverted that the victim was over the age of 12. Accordingly, the members in this case were required to make a non-guilt finding of fact whether Appellant had proven by a preponderance of the evidence that he reasonably believed the victim was 16 years old.

We review the legal sufficiency of such non-guilt findings by applying the reasonableness standard of review articulated in *United States v. Martin*, 56 M.J. 97, 110 (C.A.A.F. 2001), and interpreting the facts in the manner most favorable to the prevailing party below. In this case, we must determine whether a reasonable panel could have found that Appellant failed to meet his burden of proving by a preponderance of the evidence that Appellant reasonably believed the victim was 16 years old. *See id.* Taking the evidence in the light most favorable to the prosecution, the testimony from two witnesses that Appellant was told the victim's age, along with Appellant's own oral and written admissions to that effect would allow a reasonable panel to discount his assertion that he mistakenly believed the victim was 16 years old. Accordingly, that aspect of each finding that required the absence of the defense of mistake of fact is legally sufficient.

We review the factual sufficiency of a non-guilt finding of fact by "weigh[ing] the evidence and determin[ing] for [ourselves] whether appellant proved the defense" by the applicable burden of proof. *Id*. at 104. After weighing the evidence and making allowances for not having observed the witnesses, we ourselves are convinced that Appellant failed to prove by a preponderance of the evidence that he reasonably believed the victim was 16 years old. Therefore, we hold that the evidence was both factually and legally sufficient to prove the elements of the offenses alleged in Charge V and to allow the members to find that Appellant failed to prove the defense of mistake of fact as to age.

*Sentence Severity*

Appellant finally argues, pursuant to *Grostefon*, 12 M.J. 431, that his punishment was overly harsh, particularly in light of other sexual assault cases he contends are similar.

This court "may affirm only . . . the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). We review sentence appropriateness de novo, employing "a sweeping Congressional mandate" to ensure "a fair and just punishment for every accused." *United States v. Baier*, 60 M.J. 382, 384–85 (C.A.A.F. 2005) (quoting *United States v. Bauerbach*, 55 M.J. 501, 504 (Army Ct. Crim App. 2001)). The appropriateness of a sentence generally should be determined without reference or comparison to sentences in other cases. *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985). We are not required to engage in comparison of specific cases "except in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases." *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999) (quoting *Ballard*, 20 M.J. at 283). The "appellant bears the burden of demonstrating that any cited cases are 'closely related' to his or her case and that the sentences are 'highly disparate.'" *Id.* If the Appellant satisfies his burden, the Government must then establish a rational basis for the disparity. *Id.*

Appellant, in support of this personally asserted error, points to evidence of the results of three other cases alleging sexual misconduct. None of the cases involved the same victim or Appellant. Appellant has not demonstrated any basis by which his case can only be judged fairly by reference to the results he submitted. Appellant has not met his burden to show the cases are closely related for sentence comparison purposes.

We next consider whether the Appellant's sentence was appropriate "judged by 'individualized consideration' of the particular [appellant] 'on the basis of the nature and seriousness of the offense[s] and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180–81 (C.M.A. 1959)). Appellant used and distributed marijuana multiple times, drank alcohol while underage, and provided alcohol to a minor, and engaged in sexual acts on three occasions with a 15-year-old girl. In addition to this misconduct, he absented himself from his unit and left the installation in direct contravention of an order from his commander. His misconduct was not the result of an uncharacteristic lapse of judgment, or succumbing to unexpected temptation. This conduct occurred after his commander had addressed previous misconduct through nonjudicial punishment. We have given individualized consideration to this particular appellant, the nature and seriousness of the offenses, Appellant's record of service, and all other matters contained in the record of trial. Although relief is warranted based upon the post-trial delay, we find the approved sentence appropriate in all other respects.

*Conclusion*

As noted above, we find relief is warranted due to the Government's delay in processing Appellant's case for convening authority action. Therefore, we reassess Appellant's sentence and find the following sentence appropriate: a dishonorable discharge; confinement for 4 years, 11 months, and 10 days; and forfeiture of all pay and allowances.

The approved findings and sentence, as reassessed, are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence, as reassessed, are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court